# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1936V
UNPUBLISHED

| | |
|---|---|
| SORAH KLINE and NATHAN M. KLINE, Parents and guardians of R.K., a minor,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: February 11, 2022<br><br>Motion for decision; Dismissal; Human Papillomavirus (HPV) Vaccine; Influenza Vaccine; Postural Orthostatic Tachycardia syndrome (POTS) |

*Robert J. Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioners.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On December 20, 2019, Sorah Kline and Nathan M. Kline (Petitioners), on behalf of their minor child R.K., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Petitioners alleged that R.K. suffered Postural Orthostatic Tachycardia syndrome (POTS), autonomic dysfunction, large fiber demyelinating neuropathy, small fiber neuropathy, emotional distress, and other injuries from the Gardasil human papillomavirus (HPV) and quadrivalent influenza (Flu) vaccines she received on December 21, 2016. ECF no. 1 (Petition) at 1-2.

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 17, 2022, Petitioners filed a motion for a decision dismissing the petition. For the reasons set forth below, Petitioners' motion is **GRANTED**, and this case is **DISMISSED**.

In the petition, Petitioners alleged that R.K.'s injuries were due to the HPV and Flu vaccinations and included some references to reports R.K's neurologist made to her primary care provider. *Id*. at 3-5. However, while Petitioners provided citations to exhibits where these reports could be located, no actual exhibits, including medical records or other supporting documentation, were ever filed with the Court.

On December 27, 2019, the PAR Initial Order was issued which required Petitioners to file all the statutorily required documents, including medical records supporting the vaccination, pre-vaccination treatment, and post-vaccination treatment. ECF No. 5. On January 6, 2020, Petitioners filed a motion requesting additional time to obtain and file the required medical records. ECF No. 6.

Between January 6, 2020, and October 19, 2021, Petitioners filed nine additional motions requesting extra time to locate and file R.K.'s medical records. No records were filed during this time. On October 19, 2021, Petitioners' attorney filed a motion stating that Petitioners had indicated to him that they no longer wished to proceed with the prosecution of their case. Petitioners' attorney requested more time to confirm Petitioners' "intention to discontinue their case, including obtaining written confirmation from petitioners regarding their instruction to discontinue the prosecution and dismiss the Petition." ECF No. 21. On December 12, 2021, Petitioners' counsel filed an additional motion for more time to receive Petitioners' signed confirmation that they wished to discontinue prosecution. ECF No. 22.

On January 17, 2022, Petitioners filed a motion for a decision dismissing their petition because they had determined that proceeding with the prosecution would not be in the best interest of R.K. ECF No. 23 ¶ 1. As such, Petitioners would not be filing any additional medical records and acknowledged that the current evidence submitted would not be enough to prove entitlement to compensation under the Vaccine Injury Compensation Program (VICP). *Id.* ¶ 2-3. Petitioners indicated that they understood a decision by the undersigned dismissing the Petition would result in a judgment against them. *Id*. ¶ 5. Furthermore, Petitioners had "been advised that such a judgment will end petitioners' rights in the VICP." *Id*.

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. *See* §13(a)(1)(A) and 11(c)(1). Examination of the record does not disclose any evidence that R.K. suffered a "Table Injury".

Under the Vaccine Act, a petitioner may not receive compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. §13(a)(1). For an "Off-Table

Injury", a petitioner must establish by a preponderance of evidence that their injury was caused-in-fact by the vaccine they received. § 11(c)(1)(C)(ii)(I), §13(a)(1). In this case, the record does not contain any medical records or medical opinions. Moreover, Petitioners have admitted in their motion for a decision that they will not be able to establish entitlement to compensation. For these reasons, and in accordance with § 12(d)(3)(A), **Petitioners' claim for compensation is denied and this case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."